IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODNEY PITTS, JR., #362143 | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. JKB-11-474 |
| SCOTT B. COOK | * | |
| Defendant. | * | |

***

# **MEMORANDUM**

On February 22, 2011, the court received for filing this 42 U.S.C. § 1983 civil rights action. Rodney Pitts, Jr. ("Pitts"), who is currently confined at the Roxbury Correctional Institution in Hagerstown, Maryland, seeks declaratory relief, along with compensatory and punitive damages against Maryland State Police Officer Scott B. Cook ("Cook"). Affording the self-represented complaint a generous interpretation, Pitts claims that in March of 2010, while detained at the Wicomico County Detention Center ("WCDC") awaiting trial, he was questioned by Cook in regard to a recent murder and gang activity. ECF No. 1. Pitts seemingly alleges that soon after being questioned Cook illegally obtained outgoing prisoner mail, copied it, had it falsely franked by United States Postal Service employees, and "coerced" the individual addressee "into writing false contents." He further claims that Cook contacted WCDC requesting that a "search & seizure" be conducted of Pitts's cell while he was at trial. Pitts appears to state that a document obtained during the search of the cell was used as evidence at trial in October 2010. He alleges that Cook's act of obtaining a warrantless search and seizure of his cell violated his rights and constituted an unreasonable search and seizure.[1] *Id*.

---

[1] Accompanying the complaint are Pitts's exhibits. They show that charges were filed against Pitts for solicitation to commit first-degree murder in March of 2010; that defendant Cook filed a statement of

Because he appears indigent, Pitts's motion to proceed *in forma pauperis* shall be granted. To the extent that he is seeking compensation related to Cook's alleged illegal acts in obtaining evidence used at Pitts's criminal trial under a civil rights theory, the case shall be summarily dismissed without prejudice as the claim for damages is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).

From a review of the complaint exhibits and the Maryland state court docket of the criminal cases relevant to the claims at issue, it appears that on March 11, 2010, Pitts was charged with solicitation to commit first-degree murder in the District Court for Wicomico County in *State v. Pitts*, Case No. 4H00054807. The charge was nolle prossed on May 18, 2010. On May 10, 2010, however, various solicitation and intimidation charges were filed against Pitts in the Circuit Court for Wicomico County on offenses dated March 11, 2010. Pitts's case went to trial in October of 2010 and he was found guilty of solicitation to commit first-degree assault and lesser charges. *See State v. Pitts*, Case No. 22K10000342 (copy attached). Pitts was sentenced to a cumulative twenty-year term. He remains confined on his convictions.

The plaintiff in *Heck*, an Indiana state prisoner, sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be

---

charges which discussed the March 11, 2010, discovery and recovery of correspondence at WCDC involving a solicitation scheme, originated by Pitts, to have a witness scheduled to testify against him at a March 16, 2010, trial ultimately murdered; and a chain-of-custody log listing articles in support of the charge. The log includes letters mailed out of WCDC by Pitts and letters recovered in Pitts's cell. ECF No. 1 at Attachments.

dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (emphasis in original).

Pitts's claims regarding an illegal search and seizure of mail in his cell in March 2010 are inextricably interwoven with the constitutionality of his criminal charges and convictions. Consequently, this § 1983 complaint for damages may not proceed under *Heck* and shall be summarily dismissed without prejudice.[2] A separate Order follows.[3]

Date: March 2, 2011          /s/
                              James K. Bredar
                              United States District Judge

---

[2] Pitts's factual statement of claims against Cook goes to alleged illegal seizure of evidence. Later in the complaint, however, he raises conclusory statements of "excessive force" and "unsafe conditions." ECF No. 1 at 4-5. These claims, too, shall be dismissed without prejudice.

[3] In light of the dismissal of this case, Pitt's motion to appoint counsel shall be dismissed as moot.